All right, our third case for this morning is United States v. Weatherman. Mr. Schultz. May it please the court, counsel for the government, Todd Schultz, assistant federal public defender representing the defendant appellant. The district court in this case erred in denying the defendant's motion to suppress evidence. The search warrant affidavit fails to establish probable cause. The facts as set forth in that affidavit establish that an undercover FBI agent had received suspected images of child pornography from an individual by the name of Jason Karpensky. Mr. Karpensky was later interviewed, acknowledged taking a pornographic photo of his juvenile daughter and sharing that image with others via email. The investigation further established that several addresses that received images, some of which were... that the affidavit supporting the warrant had to have either the image itself or a detailed description of the image included somehow in the affidavit. And the government responds, there is no such absolute rule, never mind what this circuit has said, what the Supreme Court has said, is that you always assess, you know, Illinois against Gates, whatever case you want to look at, you assess these things in their entirety and there may be other ways as well to show that the premises to be searched may have evidence of whatever it is you're looking for, in this case, child pornography. So I want to know, are you arguing for this absolute rule or do you concede that it's really more a totality standard as described in Gates? Your Honor, I'm reluctant to acknowledge this, but I think the government made a good point in its brief when it references the fact that there can't be the absolute rule, at least as I had argued in my brief and before the district court, because as this court well knows, in Clark there was a termination that the affidavit established probable cause and the images were neither described nor attached. I do believe, though, Your Honor, that this court, in cases like Perdot, Wentz, Lowe, and in Clark, has established a bright line rule. That rule is not as broad as I believed it to be before reading the government's brief. I believe that the rule that this court has set forth in those opinions is as follows, that if a search warrant is seeking to establish probable cause based upon the nature of the images that are exchanged, that that affidavit must, under those circumstances, contain either the actual images or a verbal detailed description of them. So, but I guess I'm not sure that that's right. I mean, that's certainly sufficient, but the question that we're dealing with is whether that's necessary, which is a different inquiry. Okay, and so, Your Honor, I guess what I would say, though, is let's assume that the court were to say that the district court was wrong on this point that Clark announces no such rule. That doesn't, isn't determinative of the probable cause inquiry. And so, while it may be that there's no bright line rule in this district, as I have argued in the district court has found, I think we can all agree that there is an ironclad rule that says something to the effect that no warrant shall issue but upon probable cause. True enough, yeah. I think that's still in there. 1791, yes. So, Your Honor, and to establish probable cause, I think everyone would agree your affidavit has to have specific facts, not unsupported, uncorroborated conclusions. So, the worst, isn't the worst you can say of this? I'm looking at the affidavit, and finally, after telling you all about the history of his life, around page 14 of this affidavit gets around to the application of all this expertise to this case. And we get in paragraph 15, recounting that when they search Karpensky, they find child pornography, and he sends child pornography, particular files, to these addresses that he is asserting Mr. Weatherman controls. Isn't the worst you can say of this, it's a little indirect, and if that's not sufficient, why wouldn't Leon save this? I mean, so he's saying, he says Karpensky sent Kendra Hammer 94, a total of 7 images, 4 were of child pornography and so on, and this CAM 00313 and 00248 are very particular descriptions of images that are child pornography. What is the description that's very specific? The files. Right, but okay, so I guess what I would say is I think I can say a whole lot worse than the affidavit is simply indirect. Where are the facts in this affidavit that allow the magistrate to independently determine that this very specific file, CAM 00313, isn't a picture of a McDonald's? Well, I guess I would say you get a little further down, and he's looking at paragraph 31, he looks at Weatherman's Facebook page, paragraph 32, young female, then you get to paragraph 34, bondage, incest, nudist communities, role playing, and so on. There's a lot of information in here that suggests that what Weatherman is doing is trading pornography. I respectfully disagree with that, Your Honor. I think for that conclusion to be made, there has to be some evidence that there was child pornography that was traded, and there are no facts. This is a situation where a judge is finding probable cause, and we don't even know who the images are of. We don't know if they're pornography because there's a lascivious display of the genitals, or... But it's just probable cause. You're not trying to prove anything at this point. Right, but whatever the court... And Karpensky, as the judge points out, winds up getting indicted for this, so at least some other people, a grand jury, thought... Well, Your Honor, it's my belief that the magistrate judge can't simply defer to the affiant's opinion or the grand jury's determination. Why not for the grand jury? The affiant, I'll give you. Why not for the grand jury? Well, because I think the grand jury's role differs from what the magistrate's role is in determining... Grand jury's supposed to find probable cause, right?  No doubt, Your Honor, probable cause that a crime was committed, whereas this particular judge is determining whether there's probable cause to believe that the evidence of that particular crime will be located in the area sought to be searched. What's significant here, Your Honor, is I would concede that had the affidavit included the Karpensky indictment and facts suggesting that those images specifically laid out in the indictment were sent to either of those two email addresses, that there's probable cause. But the reality is, in reading that affidavit, there's no indication that the same images the grand jury determined to be child pornography were sent to either of those two email addresses, and this is a case where there is no description. I mean, whatever anyone decides, whatever the court determines, there are no specific facts upon which the magistrate could say, I find these images to be child pornography. There are just conclusory statements throughout that they are child pornography. There's no indication who says they were or what photos that unknown person thought. And so essentially, if this affidavit is sufficient to establish probable cause, all that's needed is Joe Smith sent child pornography to Joe Blow, and here's the email address, and that's good enough. But the reality is, the only way this judge, a reviewing judge, finds probable cause is if he just accepts blindly that it is child pornography. You cannot do that, and we believe that the bright line rule, there is such a bright line rule, and that this affidavit at the time it was submitted under that bright line rule was clearly deficient. But even if there is no bright line rule, I believe the affidavit is so deficient of an indicia of probable cause that no one could truly believe that it had it. And again, I would just come back to they're searching for evidence of child pornography, and what are the facts in the affidavit? Well, the facts are it's child pornography, and that's simply a conclusion. There are no facts upon which the magistrate could independently determine. All right. Thank you. Mr. Liggins. Good morning, Your Honors. My name is Tom Liggins, and I represent the United States in this appeal. So, Mr. Liggins, why wasn't the indictment attached to this affidavit? By the time you look at the indictment of Karpensky, you do have descriptions of what image CAM00313 was. But how do we know just looking in isolation at this affidavit, you know, that it isn't, you know, a nice shot of the beach when you went swimming one day? I understand the court's criticism of the affidavit, and I agree that the affidavit could have been more artfully prepared. Well, it's not just artful. As Mr. Schultz is saying, it says S.A. Doerr completed an analysis of Karpensky's cell phone, which revealed numerous images and videos of child pornography. But what if that person thinks child pornography, you know, is, you know, a little girl dressed up in a ballerina costume or something that most people wouldn't think of as anywhere close to child pornography? And this person just has some idiosyncratic notion. We don't know what they're talking about, do we? The affidavit does not include a particularized description of the images that were being relied upon. Going into the probable cause supporting the affidavit, that's set forth, I think, on page 11 and 27 through 33 of my brief. I won't go into all the details of that. I will point out, to the extent it does not include a particularized description, this court and the Supreme Court has, in the past, routinely relied upon the observations of law enforcement that a particular item was contraband in making the probable cause determination. We have First Amendment overtones here. I mean, so even the government in this affidavit is drawing a distinction between, I'm looking at paragraph 17 on page 16 of the affidavit. Karpensky sent a certain email address, a total of seven images. Four were of child pornography. One was non-child pornography. And then the next paragraph says seven child pornography, one is child erotica. Well, these are fine distinctions. Child pornography versus child erotica? I think, actually, those types of observations, when I read it, it tended to bolster the credibility of the affiant to me because it indicates that they were capable of making that distinction. But we don't know whether they drew the line right. Maybe they were all eight child erotica. I mean, why, in your view, is the magistrate issuing authority, the magistrate judge, the state judge, whoever it happens to be, required to accept the characterization of the affiant about where on this continuum a particular image falls? When the judge can't see it, judge is not able to make any kind of independent, or in the indictment you have enough of a description that I don't think anybody would have a problem with it. I guess it goes back to the point I was going to make earlier that judges are entitled, reviewing judges, magistrates are entitled to rely on the assessment of trained and experienced law enforcement officers that whatever they're viewing is contraband. So in your view, from now on, the only thing that needs to be said in an affidavit supporting search of premises for child pornography is for the affiant to say, I've looked at it and it's child pornography. I think that is sufficient for probable cause. Really? Wow. If the affiant sets forth the type of facts establishing their expertise in child pornography investigations that this affiant did. Again, it kind of goes back to the line of cases culminating in Supreme Court cases that say that a drug agent flying above the ground at 3,000 feet looking down on a marijuana field can go to a judge and get a search warrant for that marijuana field based upon his assessment that what he was looking at was marijuana. That strikes me as quite different. Plants look different and some people are good with plants and they can see what's marijuana as opposed to a corn field or as opposed to alfalfa or whatever else may be growing. Here you're talking about a very specific characterization of a particular image. As I said, if the indictment information were there, you don't have to, I don't think you have to put the image itself there, but if the children were nude or whatever, you can get to the point of saying, sure, you're describing something that we would all understand to be child pornography. I guess it, and I'm basing this on my own experience and maybe that doesn't count for anything, I would have an easier time telling something was child pornography than I would telling something was marijuana from 3,000 feet in the air. And that he did this for 15 years. To me, that is an adequate basis for someone to say that something is child pornography. I was actually going to start, but I'm almost out of time. Sorry. That's okay. The point is that we started this process believing that the dictum of this court had coalesced into some kind of solid rule saying that a search warrant affidavit involving child pornography requires a particular description or the attached images themselves. After 60 pages of briefing, we now come to court and we find that counsel's advocating a different rule. Well, they've conceded your point that the Supreme Court has never established that kind of rigid. Matter of fact, one of the members more famous in the Supreme Court said he couldn't describe it at all, but he knew it when he saw it. Yes, Your Honor, I thought of that in writing the train up here. But I guess the end point I was trying to make is that if after all of this briefing and all of this discussion and a brief filed by counsel and my response, if we're just now coming up with a rule, then it plays into the good faith analysis. Because if we are just now figuring out how could this agent have known it when he didn't have the benefit of all the briefing and this court's discussion this morning. So on that basis, if there are no other questions from the court, I will yield the remainder of my time. Thank you. All right. Thank you very much. You ran out of time, Mr. Schultz, but if you have one more minute to give to us, I will give it to you. Sure, Your Honor. I just wanted to note that to the extent it matters to the court in its analysis of probable cause, there's no indication that this affidavit personally viewed these images, and he certainly does not express his opinion based on his experience that those images were child pornography. I think it's quite possible, reading the affidavit, that he's simply relying on the information of the other agent. That may be significant to the court's analysis. Your Honor, you had also brought up in your questioning, I think you brought reference to these Facebook accounts and the idea that there was something nefarious associated with them. There's no suggestion in the affidavit that those accounts were involved minors. I think the affiant very specifically chooses his word, young females. If there were minors, if there was clearly a minor, the affidavit undoubtedly would have indicated as much. But I think more importantly for this court's analysis, there's absolutely no evidence that any of these Facebook accounts were used to target individuals who were attempting to groom anyone ever contacted a minor. Okay. Just one moment. About the affiant not viewing, doesn't paragraph 34 suggest that the affiant viewed the half-dozen Facebook accounts? He looked at the Facebook accounts, yes. Yeah, which depicted young women sexually suggested overtones such as bondage, incest, nudist communities, and role-playing. He didn't look at the actual child. I'm positing to the court it's possible he didn't look at the actual images of child pornography, that that's possible. You are absolutely correct that he reviewed the Facebook account. I think what's important, though, is while his Facebook account and the two women who received e-mails are undoubtedly associated with him, the other six e-mails, which the court is referencing, are not e-mail accounts that he specifically, or excuse me, are not Facebook accounts that he necessarily controlled. But my reading of the affidavit, Your Honor, is that those are Facebook accounts of individuals who were either friends with Mr. Weatherman, Ms. Roberts, or Ms. Hammer. Okay. Anything else? No. Thank you very much. The court will take the case under advisement.